UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOAN VAN NGUYEN,<br><br>　　　　　　　　　　　Petitioner,<br><br>v.<br><br>KRISTI NOEM; PAMELA BONDI; TODD M. LYONS; JESUS ROCHA; and CHRISTOPHER J. LAROSE,<br><br>　　　　　　　　　　　Respondents. | Case No.: 3:25-cv-3062-JES-VET<br><br>**ORDER:**<br><br>**(1) GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241; and**<br><br>**(2) DENYING AS MOOT MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>**[ECF Nos. 1, 2]** |

Before the Court is Petitioner Toan Van Nguyen's ("Petitioner") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner concurrently filed a Motion for Temporary Restraining ("TRO"). ECF No. 2. Pursuant to the Court's order to show cause (ECF No. 4), Respondents filed a return to the petition and Petitioner filed a traverse. ECF Nos. 8, 9. For the reasons set forth below, the Court **GRANTS** the petition.

## I.　BACKGROUND

Petitioner, a native of Vietnam, came to the United States with his family in 1984 as a refugee. ECF No. 1 at 4. In 1998, when he was about 20 years old, Petitioner was conviction of a car theft offense and as a result, placed into removal proceedings. *Id.* On

May 16, 2000, Petitioner was ordered removed on this basis. *Id.* Immigration and Customs Enforcement ("ICE") subsequently attempted to remove him but were unable to do so for over a year. *Id.* Thus, on March 13, 2001, Petitioner was released from detention on an order of supervision. ECF No. 8-2 ¶ 5.

On September 26, 2025, ICE officials arrested Petitioner during this annual check-in appointment. ECF No. 1 at 4. Petitioner alleges that he was not provided notice or an opportunity to be heard regarding his re-detention. *Id.*

In his Petition, Petitioner asserts three claims: (1) ICE failed to comply with its own procedures to re-detain him, in violation of its own regulations and due process; (2) his re-detention is in violation of *Zadvydas v. Davis*, 533 U.S. 678 (2001); and (3) ICE may not remove Petitioner to a third country without adequate notice and an opportunity to be heard. *Id.* at 8-20.

## II.  LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III.  DISCUSSION

As stated above, Petitioner brings three claims to argue that he should be released from detention: (1) ICE failed to comply with its own procedures to re-detain him, in

violation of the its own regulations and due process; (2) his re-detention is in violation of *Zadvydas*; and (3) ICE may not remove Petitioner to a third country without adequate notice and an opportunity to be heard. Because the Court finds below that the first claim is meritorious and justifies Petitioner's release, the Court will only address this claim on the merits in this Order.

### A.   Jurisdiction

As a threshold matter, Respondents argue that Petitioner's claims are all barred by 8 U.S.C. § 1252. ECF No. 8 at 5-6. The Court has considered and rejected this argument in its previous orders, and adopts its reasoning here. *See, e.g.*, *Sanchez v. LaRose*, No. 25-CV-2396-JES-MMP, 2025 WL 2770629, at *2 (S.D. Cal. Sept. 26, 2025); *Van Tran v. Noem*, No. 25-CV-2334-JES-MSB, 2025 WL 2770623, at *2 (S.D. Cal. Sept. 29, 2025); *Rios v. U.S. Dep't of Homeland Sec.*, No. 3:25-CV-01796-JES-DEB, 2025 WL 3022854, at *1 (S.D. Cal. Oct. 29, 2025). Thus, the Court concludes that it has jurisdiction to hear Petitioner's first claim on the merits.

### B.   Due Process

"The Due Process Clause of the Fifth Amendment prohibits the Government from depriving individuals of their life, liberty, or property, without due process of law." *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). "[T]he Due Process Clause applies to all persons within the United States, including aliens, whether their presence is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 679. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Id.* at 690. A person at risk of a suffering a serious loss being given notice and an opportunity to be heard, in a meaningful manner and at a meaningful time, is the essence of procedural due process. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

The detention and release of noncitizens that are subject to a final order of removal is governed by 8 U.S.C. § 1231. This statute provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a

period of 90 days." 8 U.S.C. § 1231(a)(1)(A). "If the alien does not leave or is not removed within the removal period, the alien, pending removal, shall be subject to supervision under regulations prescribed by the Attorney General." *Id*. § 1231(a)(3).

Supervised release and any revocation of such release thereafter is governed by either 8 C.F.R. § 241.4 or 8 C.F.R. § 241.13. *Diaz v. Wofford*, No. 1:25-CV-01079 JLT EPG, 2025 WL 2581575, at *4 (E.D. Cal. Sept. 5, 2025). Petitioner did receive a letter, dated September 28, 2025, titled "Notice of Revocation of Release." ECF No. 8-2, Ex. C. In this notice, ICE states that his re-detention was pursuant to both provisions so the Court will address what each requires in turn.

First, with regards to 8 C.F.R. § 241.4, the Court previously addressed what this provision requires in *Bui v. Warden of the Otay Mesa Det. Facility*, No. 25-CV-2111-JES-DEB, 2025 WL 2988356 (S.D. Cal. Oct. 23, 2025). In that order, the Court found that revocation under any part of this provision—either § 241.4(l)(1) or § 241.4(l)(2))—requires an adequate notice of the reasons for the revocation of release and a prompt initial informal interview to afford the alien an opportunity to respond to the reasons given in the notice. *Id.* at *3. The Court further held that "failure by Respondents to follow their own regulations, if found, may constitute a due process violation." *Id.* The Court adopts the full reasoning in *Bui* here.

Second, with regards to 8 C.F.R. § 241.13, courts have similarly held that the regulations impose certain requirements. First, subsection 241.13(i)(2) requires ICE to determine that the detainee is likely to be removed in the reasonably foreseeable future "on account of changed circumstances." *Tran v. Noem*, No. 3:25-CV-02391-BTM-BLM, 2025 WL 3005347, at *2 (S.D. Cal. Oct. 27, 2025). Second, subsection 241.13(i)(3) requires that the alien "will be notified of the reasons for revocation of his or her release." *Id.* at *3. Third, subsection 241.13(i)(3) requires, after the alien's detention for revocation of release, a prompt initial informal interview at which Tran could respond to the reasons for revocation. *Id.* The government's failure to comply with these regulations as well can form the basis of a due process violation supporting a writ of habeas corpus. *Id.*; *see also*

*Rokhfirooz v. Larose*, No. 25-CV-2053-RSH-VET, 2025 WL 2646165, at *4 (S.D. Cal. Sept. 15, 2025).

Thus, these provisions together, at a minimum, require Petitioner to have received adequate notice of the reasons for his revocation of release and an opportunity to be heard on those issues. Petitioner was provided a Notice of Revocation at the same time as his re-detention. ECF No. 8-2, Ex. C. Thus, timing of the notice is not at issue. The Notice provided the following reasons:

> This letter is to inform you that your order of supervision has been revoked, and you will be detained in the custody of U.S. Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your official alien file and a determination that there are changed circumstances in your case.
>
> ICE has determined that you can be expeditiously removed from the United States pursuant to the outstanding order of removal against you. On May 16, 2000, you were ordered removed to Vietnam by an authorized U.S. DHS/DOJ official and you were not granted a withholding of removal to Vietnam. Your case is under current review for removal to an alternate country.

*Id.* This language is substantially similar, if not identical, to language from other notices that courts in this Circuit have held to be not sufficient. *See, e.g.*, *Saengphat v. Noem et al.*, No. 3:25-CV-2909-JES-BLM, 2025 WL 3240808, at *7 (S.D. Cal. Nov. 20, 2025) (finding same language in notice to be too "conclusory" to provide adequate notice); *McSweeney v. Warden of Otay Mesa Det. Facility*, No. 3:25-CV-02488-RBM-DEB, 2025 WL 2998376, at *5 (S.D. Cal. Oct. 24, 2025) (holding that language in notice stating that "ICE has determined that you can be expeditiously removed from the United States pursuant to an outstanding order of removal" was "conclusory and unclear" and failed to provide adequate notice of the basis of the revocation decision); *J.L.R.P., v. Wofford et al.*, No. 1:25-CV-01464-KES-SKO (HC), 2025 WL 3190589, at *7 (E.D. Cal. Nov. 14, 2025) (holding that same language in the notice of revocation of release "did not provide any specific changed circumstance applicable to petitioner").

As to the informal interview, even though the Notice mentions that Petitioner is entitled to one, nothing in Respondents return to the petition nor the Petitioner's traverse states that he ever received it. *See generally* ECF Nos. 8, 9. It has now been close to two months since Petitioner's re-detention on September 28, 2025. Courts have routinely found a due process violation where no informal interview took place after the revocation of release. *M.S.L. v. Bostock*, No. 6:25-CV-01204-AA, 2025 WL 2430267, at *11 (D. Or. Aug. 21, 2025) (collecting cases); *Constantinovici v. Bondi*, No. 3:25-CV-02405-RBM-AHG, 2025 WL 2898985, at *6 (S.D. Cal. Oct. 10, 2025) (due process violation where "[n]othing in the record indicates that Petitioner was provided with an interview in connection with the revocation of his release or otherwise afforded an opportunity to respond to the reasons for his re-detention"); *Delkash v. Noem*, No. 5:25-CV-01675-HDV-AGR, 2025 WL 2683988, at *5 (C.D. Cal. Aug. 28, 2025) (same where there was "no evidence that [petitioner] has been afforded an informal or formal interview"); *Phan v. Noem*, No. 3:25-CV-02422-RBM-MSB, 2025 WL 2898977, at *4 (S.D. Cal. Oct. 10, 2025) (finding same where no interview was conducted).

In summary, the Court concludes that Respondents failed to follow their own regulations in re-detaining Petitioner by failing to: (1) provide him notice that states an adequate basis to revoke his release pursuant; and (2) provide him with a "prompt" informal interview so that he could contest the reasons for his revocation. Like many other district courts within this circuit, the Court finds that these failures constitute a violation of Petitioner's due process rights and justify his release. *M.S.L.*, 2025 WL 2430267, at *12; *Constantinovici*, 2025 WL 2898985, at *7; *Phan*, 2025 WL 2898977, at *5; *Delkash*, 2025 WL 2683988, at *6; Diaz, 2025 WL 2581575, at *9.

Accordingly, Petitioner's habeas petition is **GRANTED** on this ground, and Petitioner is ordered **RELEASED**. In light of the disposition, the Court declines to address the remaining claims in the Amended Petition.

//

//

## IV.  CONCLUSION

For the reasons discussed above, the Court **GRANTS** Petitioner's writ of habeas corpus. Because the Court grants the petition on the Due Process ground raised in Count 1 of the Petition, Respondents are **ORDERED** to immediately release Petitioner from custody, subject to the conditions of his preexisting Order of Supervision. The petition is **DENIED AS MOOT AND WITHOUT PREJUDICE** to the other grounds. Further, the motion for TRO is also **DENIED AS MOOT**.

The Parties are **ORDERED** to file a Joint Status Report no later than **5:00 p.m.** on **November 26, 2025**, confirming that the Petitioner has been released. The Clerk of Court is **ORDERED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: November 21, 2025

_____
Honorable James E. Simmons Jr.
United States District Judge